**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 10-4865**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

CARLOS DAILEY, a/k/a Bonecrusher,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:09-cr-00233-JRS-3)

———————

Submitted: February 25, 2011      Decided: March 18, 2011

———————

Before SHEDD, DUNCAN, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

J. Brian Donnelly, PRICE, PERKINS, LARKEN & DONNELLY, Virginia Beach, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Olivia L. Norman, Assistant United States Attorney, Richmond, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Dailey appeals his sentence following convictions of one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006), and one count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006). On appeal, Dailey contends that the district court erred in declining to vary downward based on the sentencing disparity between crack and powder cocaine-related offenses. Finding no reversible error, we affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 45 (2007); see United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed"). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. If there are no significant procedural errors, we then consider the substantive

2

reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007).

We hold that Dailey's sentence is procedurally and substantively reasonable and that the district court did not abuse its discretion in declining to vary downward. Under the advisory Guidelines, district courts may vary from the crack-cocaine Guidelines based on policy disagreements; they are not, however, required to do so. Spears v. United States, 129 S. Ct. 840, 843-44 (2009). Here, the district court considered Dailey's variance motion, noted that there was an unwarranted disparity between crack and powder cocaine-related sentences, and, consequently, chose to sentence Dailey near the low end of the Guidelines range. It was not required to go further and sentence Dailey below the Guidelines range.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED